A. J. Bates Company, Plaintiff in Error, v. Isaac Jacobs, Defendant in Error.

Gen. No. 22,276.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed December 18, 1916.

## Statement of the Case.

Action in attachment by A. J. Bates Company, plaintiff, against Isaac Jacobs, defendant, alleging that the defendant had within two years last past fraudulently conveyed or assigned his effects so as to hinder and delay his creditors, and concealed and disposed of his property, etc. From an order dissolving the attachment, plaintiff brings error.

The attachment writ was levied on certain goods in the store of defendant. By the affidavit of defense the indebtedness was admitted, but defendant claimed that the property levied upon was exempt from execution or levy under a writ of attachment by virtue of the statute on exemptions, and that defendant had filed the necessary schedule claiming such exemptions.

Upon trial by the court plaintiff sought to introduce evidence tending to sustain its allegations of fraud on the part of the defendant, but the court declined to hear such evidence, holding it to be incompetent, and entered an order dissolving the attachment.

J. J. MOSER, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

ATTACHMENT, § 43*—*when evidence of fraud by debtor in making conveyance improperly excluded.* Where an action in attachment is brought alleging that the defendant has made a fraudulent conveyance or assignment of his property to hinder and delay his creditors, and the defendant files a schedule claiming all of such property as exempt from execution, it is improper for the court, although it determined that all the property levied upon by the writ was included and named in the schedule of exemption, to exclude evidence tending to show fraud and to dissolve the attachment, as the proper procedure is for the court to admit such evidence and if of the opinion that the fraud alleged has been proven, enter a judgment sustaining the attachment.